### UNITED STATES v. PHILADELPHIA KNITTING MILLS CO.

(District Court, E. D. Pennsylvania. November 5, 1920.)

No. 4832.

Internal revenue ☞7—Corporation's right to deduct salaries from taxable profits depends on bona fides, not reasonableness, of salaries.

A corporation's right to deduct from its taxable profits salaries paid to officers depends, not on how much of such salaries represented reasonable compensation for the services rendered, but on how much of the salaries were paid, not for services, but by way of distribution of profits.

At Law. Action by the United States against the Philadelphia Knitting Mills Company. Plaintiff was nonsuited. Sur motion to take off nonsuit. Motion denied.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles D. McAvoy, U. S. Atty., and T. Henry Walnut, Asst. U. S. Atty., both of Philadelphia, Pa.

Walter B. Saul, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. It is not a little difficult to express in concise form the real question involved in this controversy. The defendant paid the tax, to the payment of which it was admittedly liable, based upon its gross profits, less certain "ordinary and necessary" expenses, including the salary of its president. The plaintiff, deeming the amount of this salary to be inordinate and out of all proportion to the value of the services rendered, asserts the right to allow a deduction on this account, limited to what the plaintiff deems to be reasonable compensation. The real position of the plaintiff is not quite what is thus broadly implied, because there is implied the right of the United States to supervise the pay rolls of taxpayer corporations, not with a view to determine the integrity of the accounts, but with a view to regulate wages and salaries, so far as the payment of them enters into the tax assessment. As soon as the real ground of controversy was disclosed at the trial, the trial judge expressed himself to be of the opinion that the plaintiff could recover on its theory of the case only by introducing some evidence from which the finding could be made that payments made ostensibly for salary were in whole or in part not really made on salary account, but in distribution of profits. This modification of the plaintiff's theory of the case was accepted by counsel for the United States for the purposes of the trial. When, therefore, the motion for a nonsuit was made, the ruling was limited to the sole question of whether there was any evidence that the salary paid to the defendant's president was a distribution of profits in whole or in part to him as a stockholder under the guise of a salary payment.

It must always be kept in mind that the share of the tax which such a taxpayer is required to pay is measured by profits received, and not by the amount of business done, or by the profits which under a better management might have been received. The case is an easily imaginable one that those interested in what is called a close corporation, and which, in every respect, except its formal organization, is a partnership, might resort to the expedient of distributing profits by fixing a scale of salaries proportioned to the shares or interests of its officers in the corporation. To encourage and promote devotion to the interests of the employer, and to increase the efficiency of employés, the plan of giving employés a share in profits along with stockholders has become more or less common. In the case of a corporation taxpayer, the tax is measured by the profits which flow to the corporation from the business in which it is engaged, and this is not affected by what the corporation, through its managers or the action of its stockholders, may do with its profits after they have been received. When the employé is only an employé, and not in any sense a stockholder, the argument is at least a plausible one that what he receives he receives as compensation for his services, and it is none the less compensation for services, whether it is received in the form of a fixed salary or on the

sliding scale, controlled by commissions or measured by the profits which through his effort come to the corporation. When the stockholder is only a stockholder, and in no sense an employé, what he received, whatever it may be called, is clearly given to him as profits. When, however, the one to whom the payment is made is both employé and stockholder, the difficulty of characterizing the payments made to him is increased; but the essential difference between what is compensation for services and what is a distribution of profits has not changed.

The position to which counsel for the United States returns, asserting the right of the United States to have a jury determine what is fair compensation for the services rendered, and that all beyond this sum is a distribution of profits, is, it seems to us, an untenable position, because it is clearly the right of the employer to fix and determine what he shall pay, assuming, of course, that the employé is willing to accept of what is thus fixed. He may be unduly, or indeed unwisely, liberal, but an error of judgment of this kind cannot affect his right. We say the position is untenable, not upon the ground that Congress could not limit what should be allowed for deductions by reason of executive salaries, but on the ground that Congress has not thus far, and by the tax acts in question, established any such limitation. Nothing short of the legislative strong hand could fix any such limitation. There is practically no guide to determine what should be paid, or measure of payment, other than the judgment of those whose money is being paid. To object to a salary, for illustration, of $25,000, which a corporation might well deem it to be to its interest to pay to one man as its president, because other men might be found willing to accept the position for $5,000, or even for $1,000, would be recognized at once as an objection without weight.

On the other hand, freedom to pay over the profits of a corporation to its stockholders under the guise of paying salaries is recognized to be fraught with danger of an evasion of the tax laws. In order to determine what may be done and what may not be done, recourse can be had only to the drawing of the line indicated. That line is drawn by an answer to the question how much, if any, of what is paid to a stockholder, is paid by way of a distribution of profits. This question can only be answered by a finding based upon evidence, and, if there is no evidence, there can be no finding. Whenever, in the wisdom of Congress, this protection to the United States is deemed inadequate to prevent escape from just taxation, Congress may by a simple enactment limit the deductions which may be made on account of payments of salaries to stockholders.

The motion to take off the nonsuit is denied, and an exception is allowed to plaintiff.